UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mildred Allie,<br><br>        Plaintiff,<br>vs.<br><br>Delta Family-Care Disability and Survivorship Plan<br><br>        Defendant. | Case No. 0:19-cv-1754<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Delta Family-Care Disability and Survivorship Plan may be found in this district. In particular, Delta Family-Care Disability and Survivorship Plan is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Delta Family-Care Disability and Survivorship Plan is the employee benefit plan ("Plan") that Delta Air Lines, Inc. created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Delta Family-Care Disability and Survivorship Plan is a corporation organized and existing under the laws of the State of Arizona and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Delta Air Lines, Inc. and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability claim number B666915938-0001-02 which was issued by Delta Family-Care Disability and Survivorship Plan to Delta Air Lines, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Delta Family-Care Disability and Survivorship Plan both funds the Plan and decides whether participants will receive benefits

under the Plan. Accordingly, Delta Family-Care Disability and Survivorship Plan has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Delta Family-Care Disability and Survivorship Plan's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about September 23, 2016 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Delta Family-Care Disability and Survivorship Plan for disability benefits.

14. Delta Family-Care Disability and Survivorship Plan granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

November 30, 2017. However, on January 4, 2018 Delta Family-Care Disability and Survivorship Plan cancelled Plaintiff's disability benefits. Plaintiff appealed Delta Family-Care Disability and Survivorship Plan's decision, but Delta Family-Care Disability and Survivorship Plan denied Plaintiff's appeal on September 5, 2018. Plaintiff filed a further appeal, which Delta Family-Care Disability and Survivorship Plan denied on June 4, 2019.

15. Plaintiff provided Delta Family-Care Disability and Survivorship Plan with substantial medical evidence demonstrating she was eligible for disability benefits.

16. The medical evidence Plaintiff provided included a narrative report from Dr. Sharon Shatil.

17. Dr. Sharon Shatil concluded Plaintiff was unable to work as a flight attendant, Plaintiff's regular/own occupation, because Plaintiff could not sustain the physical exertion throughout a full-time work schedule this occupation requires.

18. The medical evidence Plaintiff provided also included a narrative report from Valerie V. Raymond, Psy.D.

19. Dr. Valerie Raymond found Plaintiff "exhibit[s] occupational and social impairment with reduced reliability and productivity."

4

20. Dr. Valerie Raymond's evaluation of Plaintiff on August 10, 2018 included WHODAS 2.0 testing, which Plaintiff "exhibited the following impairments: Being emotionally affected by her health problems; Dealing with people she does not know; Severe difficulties standing for long periods of time; Joining in community activities; Walking a long distance; Maintaining a friendship; and Doing her day to day work. In addition, she reported difficulty leaving her home. Moreover, she reported having hallucinations on the job in August of 2017."

21. Delta Family-Care Disability and Survivorship Plan's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Delta Family-Care Disability and Survivorship Plan failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. Delta Family-Care Disability and Survivorship Plan relied on the opinion of a medical professional who was financially biased by his/her relationship with Delta Family-Care Disability and Survivorship Plan and as such unable to offer an unbiased opinion;

    c. Delta Family-Care Disability and Survivorship Plan relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. Delta Family-Care Disability and Survivorship Plan relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

    e. Delta Family-Care Disability and Survivorship Plan ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    f. Delta Family-Care Disability and Survivorship Plan ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

22. Delta Family-Care Disability and Survivorship Plan abused its discretion in denying Plaintiff's claim.

23. The decision to deny benefits was wrong under the terms of the Plan.

24. The decision to deny benefits was not supported by substantial evidence in the record.

25. Delta Family-Care Disability and Survivorship Plan's failure to provide benefits due under the Plan constitutes a breach of the Plan.

26. Delta Family-Care Disability and Survivorship Plan's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from December 1, 2017 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

27. Delta Family-Care Disability and Survivorship Plan's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

28. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Delta Family-Care Disability and Survivorship Plan to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;
4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;
6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;
7. Reasonable costs and attorneys' fees incurred in this action;
8. Any other legal or equitable relief the Court deems appropriate.

Dated: 07/02/2019

RESPECTFULLY SUBMITTED,

By: /s/Blake Bauer

Blake Bauer (MN Bar # 0396262)
Stephen Fields (MN Bar # 0276571)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Steve@Fieldslaw.com

*Attorneys for Plaintiff*